UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ON-TIME DISPOSAL, INC.,

        Plaintiff,

v.

NORGH JERSEY RECYCLING, LLC        12-CV-6300 (NSR)(PD)
and STEVEN GUIDO.                                OPINION AND ORDER

        Defendants.
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

      Before the court is Plaintiff On-Time Disposal, Inc.'s ("On-Time") motion seeking entry of a judgment in its favor and against Defendants, North Jersey Recycling, LLC ("North") and Stephen Guido ("Guido"), and for the appointment of a receiver due to Defendants' alleged failure to comply with the terms of a settlement agreement. Defendants oppose the motion to the extent Plaintiff seeks the entry of a judgment as against Guido, the principal owner of North, in an amount in excess of the settlement amount. For the following reasons, Plaintiff's motion is GRANTED in part and DENIED in part.

## BACKGROUND

      Plaintiff commenced this action against Defendants asserting claims, *inter alia,* sounding in breach of contract.[1] Following discovery, the parties entered into extensive discussions that ultimately led to an oral settlement agreement ("the Settlement"). The terms of the Settlement

---

[1] Plaintiff asserts that Guido, the sole principal of Defendant North, a New Jersey recycling and waste management company, verbally agreed to convey a 50% interest in North to Shulem Lowinger ("Lowinger"), Plaintiff's principal, in exchange for waste management equipment (two trucks and 50 carts). In furtherance of the agreement, Plaintiff deeded over title in the equipment to Defendant North. While awaiting approval of Lowinger's ownership in North by New Jersey state regulators, Defendants agreed to provide Plaintiff with 50% of all profits generated. To date, Plaintiff has yet to receive its profit share and Lowinger has yet to receive his interest in North as purportedly agreed upon.

1



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/2015

were memorialized on the record. (*See* Docket Minute Entry, December 10, 2014.) Although the parties stipulated that the Settlement would be reduced to a written document and executed by the parties at a later time, it was also agreed on the record that the Settlement "shall be binding." (Declaration of Elliot B. Pasik ("Pasik Decl."), Docket No. 54, Ex. A at 7:3-5, 7:22-8:18.)

The Settlement provided, in relevant part, the following terms:

The action was settled in the amount of $185,000.00, payable by Defendant North to Plaintiff On-Time. (*Id.* at 2:20-22.) North agreed to make three initial payments of $5,000.00 on January 2, 2015, January 15, 2015, and January 31, 2015. (*Id.* at 2:23-3:1.) The payments were to be made payable to the Law Offices of Gerald P. Gross, Plaintiff's counsel. (*Id.*) The remaining balance of $172,500.00 was to be paid over the course of thirty-six months, in equal payments of $4,791.66 plus 4% self-amortizing interest, beginning on February 28, 2015 and continuing every thirty days thereafter through February 28, 2018, until the full amount was paid. (*Id.* at 3:2-3:11.)

In the event of a default in payment, Plaintiff's counsel was to send a written notice of default to Guido, on behalf of North, and Randi-Lynn Smallheer, Esq. ("Smallheer") of Budd Larner, P.C., counsel to Defendants. (*Id.* 5:4-10.) Upon receipt of the notice of default, North was to be given thirty days to cure the default. (*Id.*)

Defendant Guido represented that he was the sole shareholder of North. (*Id.* at 4:19-20.) In the event Guido transferred or assigned any interest in North, said transfer or assignment would cause all remaining payments to accelerate and become due and owing immediately. (*Id.* at 4:20-25.) The failure to make the requisite payment(s) after a transfer or assignment by Defendants would be deemed a default. (*Id.*) Defendants' failure to timely cure any default after receipt of a notice of default would entitle Plaintiff to a consent judgment in the amount of $325,000.00, less any payments received, in its favor and against Defendant North. (*Id.* 5:19-

6:2.) The parties consented to the jurisdiction of this Court for the purpose of enforcing the settlement agreement. (*Id.* at 6:21-23.)

Defendant Guido also agreed to personally guarantee the settlement sum of $187,500.00 less any payments made, and to be personally liable for any reasonable attorney fees and costs incurred in enforcing the settlement. (*Id.* 3:12-24.) Defendants agreed that the settlement amount was to be collateralized (secured) by Defendant North's accounts receivables up to $187,500.00. (*Id.* at 3:14-16.) Defendant North also agreed to provide Plaintiff's counsel with a copy of the "relevant portions of the cover page and . . . the execution pages" to the "Tishman contract." (*Id.* at 4:7-11.)

Plaintiff asserts that despite numerous attempts the parties failed to execute a written settlement agreement. Significantly, Plaintiff asserts that Defendants failed to make any of the payments due pursuant to the Settlement. In support of Plaintiff's motion, Plaintiff's counsel Pasik avers by Declaration that Defendants failed to make the three initial payments of $5,000.00, (Pasik Decl. ¶¶ 10-11), and to provide Plaintiff's counsel with the relevant pages of the "Tishman contract." (*Id.* ¶¶ 12-13.) Following Defendants' failure to pay, Pasik forwarded Guido and Smallheer written notices of default. (*Id.* ¶ 15.) Pasik further asserts that despite the passage of more than thirty days following receipt of the notices of default, Defendants failed to cure the defaults. (*Id.* ¶ 16.)

As a result of the foregoing, Plaintiff seeks the entry of a consent judgment in the amount of $325,000.00 as against North and Guido. (Notice of Motion, Docket No. 54).  Plaintiff also seeks an order requiring Defendant North to assign and deliver all of its accounts receivables to Plaintiff's counsel, and to enjoin Defendant North from collecting its accounts receivables. (*Id.*) Lastly, Plaintiff petitions the Court for the appointment of a receiver to access Defendant North's

"books and records for the purpose of confirming and verifying their accounts receivables, and arranging for their delivery to plaintiff." (*Id.*)

In opposition to Plaintiff's motion, Defendants do not proffer any evidence to contradict Plaintiff's assertion of lack of payment. Instead, Defendants' counsel asserts that any judgment entered as against Guido is limited to the settlement sum, $187,500.00, and not the liquidated sum of $325,000.00.  Similarly, Defendants' counsel asserts that Plaintiff's security interest in Defendant North's accounts receivables is limited to $187,500.00 and does not require Defendant North to turn over all accounts receivables as suggested by Pasik.

**CONTRACTS**

It is well established that settlement agreements are contracts and must be construed in accordance with general principles of contract law.[2] *Collins v. Harrison–Bode*, 303 F.3d 429, 433 (2d Cir. 2002) (citing *Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999)). A fundamental principle of contract law is that agreements are to be interpreted in accordance with the parties' intent. *Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569 (2002). The best evidence of the parties intent is what is contained within their writing. *Id.* (*quoting Slamow v. Del Col*, 79 N.Y.2d 1016, 1018 (1992)); *see also Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*, 603 F.3d 169, 180 (2d Cir. 2010) ("When interpreting a contract, the 'intention of the parties should control . . . [, and] the best evidence of intent is the contract itself.'") (citation omitted) (alteration in original). Words of a contract are to be given a "fair and reasonable meaning" in accordance with the parties' intent. *Sutton v. E. River Sav. Bank*, 55 N.Y.2d 550, 555 (1982) (quoting *Heller v. Pope*, 250 N.Y. 132, 135 (1928)). The terms of an agreement must be considered not in isolation from context, but in light of the overall obligation and intention of

---

[2] The parties agreed that the Settlement was governed by New York law. (*See* Pasik Decl., Ex. A at 7:17-18.)

4

the parties as manifested therein. *Collins*, 303 F.3d at 433 (citing *Kass v. Kass*, 91 N.Y.2d 554, 566 (1998)).

When there exists a dispute over the meaning of a contract, the court must determine whether the terms are ambiguous. *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 66 (2d Cir. 2000). Whether the terms of a contract are ambiguous or unambiguous is a question of law for the court to decide. *Id.* An agreement that is clear and unambiguous on its face must be enforced according to the plain meaning of its terms. *See Greenfield*, 98 N.Y.2d at 569 (*citing R/S Assoc. v. N.Y. Job Dev. Auth.*, 98 N.Y.2d 29, 32 (2002)). Where the language of an agreement is deemed ambiguous, "its construction presents a question of fact which may not be resolved by the court on a motion for summary judgment." *Pepco Constr. of N.Y., Inc. v. CNA Ins. Co.*, 15 A.D.3d 464, 465 (2d Dep't 2005).

### RECEIVERSHIP

Pursuant to Federal Rule of Civil Procedure 66, the Court may appoint a receiver to preserve a judgment debtor's property. The appointment of a receiver is an equitable remedy, *see Santibanez v. Weir McMahon & Co.*, 105 F.3d 234, 241 (5th Cir. 1997), to be utilized under extraordinary circumstances, employed with the utmost caution and granted only upon a showing of clear necessity. *Citibank, N.A. v. Nyland (CF8) Ltd.*, 839 F.2d 93, 97 (2d Cir. 1988); *SEC v. Republic Nat'l Life Ins. Co.*, 378 F. Supp. 430, 438 (S.D.N.Y. 1974). Typically, the appointment of a receiver is appropriate where a secured creditor has sufficiently demonstrated that his security may be dissipated. *Netsphere, Inc. v. Baron*, 703 F.3d 296, 308 (5th Cir. 2012).

### DISCUSSION

A fair and reasonable interpretation of the Settlement supports a finding that the parties intended to make, and in fact entered into, a binding oral agreement. Similarly, the parties intended that upon a default in payment by Defendants and their failure to cure, Plaintiff would

5


be entitled to the entry of a consent judgment. Though the parties disagree on the amount of the judgment to be entered as against Defendant Guido, the unambiguous language of the Settlement requires the entry of a judgment in the amount of $325,000.00 as against North upon a default in payment and a failure to cure. Defendants do not contest Plaintiff's assertion of lack of payment. Thus, Plaintiff is entitled to entry of a judgment in its favor and against North in the amount of $325,000.00. A plain reading of the terms of the Settlement, however, requires a different finding as against Defendant Guido, the guarantor. Guido only agreed to be personally liable to Plaintiff in the amount of $187,500.00,[3] as delineated in the court transcript.

Turning to Plaintiff's remaining contentions concerning the terms of the Settlement, the Settlement clearly requires Defendant North to provide Plaintiff's counsel with the relevant pages of the "Tishman" contract.  It does not, however, require Defendant North to deliver all of its accounts receivables to Plaintiff.  Rather, the Settlement only grants Plaintiff a security interest in Defendant North's accounts receivables.

Lastly, because Plaintiff has failed to demonstrate or proffer any evidence from which the Court may conclude that Defendant North's assets may be dissipated, Plaintiff's application seeking the appointment of a receiver must be denied.

**CONCLUSION**

For the reasons stated above, Plaintiff is entitled to the entry of a judgment in its favor and against Defendant North in the amount of $325,000.00. Plaintiff is further entitled to the entry of a judgment in its favor and against Defendant Guido in the amount of $187,500.00.[4] Plaintiff is deemed to have a security interest in Defendant North's accounts receivables and is

---

[3] Defendant Guido concedes that any judgment enter against him "should be limited to the amount of $187,500.00, in accordance with the terms of the Settlement." (Declaration of Randi-Lynn Smallheer, Esq. in Response to Plaintiff's Motion for Judgment, Docket No. 56, ¶ 3.)

[4] To the extent Plaintiff collects on the judgment entered against Defendant Guido, said recovery shall reduce the amount Plaintiff may seek to recover against Defendant North.

entitled to receive the relevant "Tishman" documents described in the Settlement. Plaintiff's application seeking the appointment of a receiver is denied without prejudice to renew upon the appropriate showing of clear necessity. Plaintiff is directed to submit to the Court a proposed consent judgment in accordance with this Opinion and Order within 21 days hereof. The Clerk of the Court is directed to terminate the motion at Docket No. 54.

Dated: September 17, 2015
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge